**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RON ISAAC,

                Petitioner,                Case Number: 06-CV-12346

v.                                                HON. NANCY G. EDMUNDS

BLAINE LAFLER,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ron Isaac, a state inmate incarcerated at the Michigan Reformatory in Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for five counts of first-degree criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

### I. Facts

Petitioner's convictions arise from the sexual assault of his daughter Jamika Flake. Jamika's mother, Lawada Flake, testified that when Jamika was approximately 8 or 9 years old she began to visit her father every other weekend. Prior to that, she had only seen her father once or twice. In October 2002, Petitioner and his girlfriend, Angel Honeycutt, moved into a house on Hampshire Street in Detroit. Jamika would visit her father there for weekends. On February 2, 2003, Angel Honeycutt's mother, Annie Honeycutt, contacted Lawada Flake and asked to talk to her about Jamika, who was then 11 years old. Annie told Lawada that Petitioner "has been messing with your baby." Tr., 10/14/03, p. 44-45. Lawada then took Jamika to Children's Hospital in Detroit.

Annie Honeycutt testified that she always noticed that Jamika was withdrawn. In February 2003, Jamika told her that her father had been having sex with her. Annie contacted Jamika's mother to tell her what Jamika had alleged.

Jamika Flake testified that her father touched her in her "two personal spaces where she used the bathroom." Tr., 10/15/03, p. 8. She testified that he did so with his hand and his penis. The first time he did this was when she was 8 or 9. Her father did this on numerous, separate occasions.

Dr. Earl L. Hartwigg, a pediatrician and expert on sexual assault, testified that he examined Jamika on February 3, 2003, at Children's Hospital. Dr. Hartwigg testified that, although he found no evidence of old injuries that had been healed, tears, or scars, his physical examination was consistent with the history of sexual assault provided by Jamika.

Petitioner did not testify in his own defenses.

## II. Procedural History

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of five counts of first-degree criminal sexual conduct. On November 3, 2003, he was sentenced to concurrent terms of 20 to 40 years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

I.  Appellant Ron Isaac was denied a fair trial where the eleven year old complainant's credibility was bolstered by the emergency room doctor's opinion based on her medical history and not objective factors in violation of due process of law and defense counsel's failure to object constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

II. Appellant Ron Isaac was denied a fair trial where the eleven year old complainant's credibility was bolstered by the inadmissible hearsay testimony of

2

his girlfriend's mother, the complainant's mother, and a police officer in violation of due process of law and defense counsel's failure to object constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

III. Appellant Ron Isaac was denied a fair trial where a foster care provider was allowed to voice her opinion about the complainant's post-incident behavior as indicative of sexual abuse in violation of due process of law and defense counsel's failure to object constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

IV. Appellant Ron Isaac is entitled to a new trial where the trial court erred in allowing the prosecutor, over objection, to introduce irrelevant and prejudicial evidence suggesting the appellant's propensity towards violence in violation of due process and defense counsel's failure to immediately move for a mistrial and then revisiting the prejudicial evidence in his case-in-chief constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

V. Appellant Ron Isaac was denied his constitutional right to effective assistance of counsel, therefore, he is entitled to a new trial and/or hearing pursuant to People v. Ginther, 390 Mich. 436 (1973).

VI. The prosecutor's misconduct violated appellant Ron Isaac's right to due process of law and a fair trial as guaranteed by both the federal and state constitutions.

VII. Appellant Ron Isaac should be granted a new trial because the trial court refused to appoint new counsel where there was a breakdown in the relationship between the appellant and his defense counsel.

VIII. The cumulative effect of the foregoing errors denied appellant Ron Isaac of a fair trial in violation of due process of law and requires reversal.

Petitioner presented the following additional claims in a *pro per* supplemental brief:

I. Appellant Ron Isaac was denied a fair trial where defense counsel failed to maintain appellant's innocence by conceding appellant's guilt in violation of due process of law and defense counsel's failure to maintain appellant's innocence constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

II. Appellant Ron Isaac was denied a fair trial where defense counsel failed to impeach prosecution witnesses with a great deal of impeachment evidence that was provided to him by both the prosecution and appellant in violation of due process of law and defense counsel's failure to impeach prosecution's witnesses

3

constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

III. Appellant Ron Isaac was denied a fair trial where defense counsel was totally unprepared for trial and his deficient performance left the prosecution's case virtually unchallenged in violation of due process of law and defense counsel's deficient perofrmance constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

IV. Appellant Ron Isaac was denied a fair trial where defense counsel failed to prepare for sentencing in violation of due process of law and defense counsel's failure to prepare for sentencing constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Isaac, No. 252306 (Mich. Ct. App. Apr. 19, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Isaac, No. 128819 (Mich. Oct. 31, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

I. Petitioner Ron Isaac is entitled to a new trial where the trial court erred in allowing the prosecutor, over objection, to introduce irrelevant and prejudicial evidence suggesting the Petitioner's propensity towards violence in violation of due process and defense counsel's failure to immediately move for a mistrial and then revisiting the prejudicial evidence in his case-in-chief constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

II. Petitioner Ron Isaac was denied a fair trial where the complainant's credibility was bolstered by the inadmissible hearsay testimony of the complaint's mother, a police officer, and state's witness Annie Honeycutt in violation of due process of law and defense counsel's failure to object to the repeated hearsay testimony constitutes ineffective assistance of counsel.

III. The prosecutor's misconduct violated Petitioner Ron Isaac's right to due process of law and a fair trial as guaranteed by both the state and federal constitutions.

4

IV. Petitioner Ron Isaac was denied a fair trial where the complaint's credibility was bolstered by the emergency room doctor's opinion based on medical history and not objective factors in violation of due process of law and defense counsel's failure to object constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

V. Petitioner Ron Isaac was denied a fair trail where a foster care provider was allowed to voice her opinion about complainant's post-incident behavior as indicative of sexual abuse in violation of due process of law and defense counsel's failure to object constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

VI. Petitioner Ron Isaac should be granted a new trial because the trial court refused to appoint new counsel where there was a breakdown in the relationship between the Petitioner and his defense counsel.

VII. Petitioner Ron Isaac was denied a fair trial where defense counsel failed to maintain Petitioner's innocence by conceding Petitioner's guilt in violation of due process of law and defense counsel's failure to maintain Petitioner's innocence constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

VIII. Petitioner Ron Isaac was denied a fair trial where defense counsel failed to prepare for sentencing in violation of due process of law and defense counsel's failure to prepare for sentencing constitutes ineffective assistance of counsel in violation of both the state and federal constitutions.

IX. Petitioner Ron Isaac was denied his constitutional right to effective assistance of counsel, therefore his is entitled to a new trial and/or evidentiary hearing.

X. The cumulative effect of the forgoing errors denied Petitioner Ron Isaac of his right to a fair trial in violation of due process of law and requires reversal.

### III. Analysis

#### A. Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11.

## B. Alleged Prosecutorial Misconduct

In his first and third claims for habeas corpus relief, Petitioner argues that the prosecutor committed misconduct by eliciting irrelevant and prejudicial evidence regarding Petitioner's propensity for violence, by bolstering the credibility of prosecution witnesses and by making improper attacks on the Petitioner's character in her closing argument.

Respondent argues that Petitioner's prosecutorial misconduct claims are procedurally

6

defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003), *citing* Lambrix v. Singletary, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." Lambrix, 520 U.S. at 525, 117 S. Ct. at 1523. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of these claims.

"Prosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation." Caldwell v. Russell, 181 F.3d 731, 736 (6th Cir. 1999). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances." Angel v. Overberg, 682 F.2d 605 (6th Cir. 1982). The Court must examine "'the fairness of the trial, not the culpability of the prosecutor.'" Pritchett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997), (*quoting* Serra v. Michigan Department of Corrections, 4 F.3d 1348, 1355 (6th Cir. 1993)).

First, Petitioner argues that the prosecutor improperly elicited testimony from Petitioner's girlfriend, Angel Honeycutt, and his girlfriend's mother, Annie Honeycutt, regarding Petitioner's assault of his girlfriend. The Michigan Court of Appeals held that this testimony was relevant because it bore upon Annie Honeycutt's credibility, which had been attacked by Petitioner on cross-examination. In addition, the state court held that the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice. Therefore, the state court held the testimony was properly admitted under Michigan Rule of Evidence 404(b).

7

Isaac, slip op. at 3. Petitioner has failed to show that the state court's conclusion in this regard was incorrect or the state court's application of state evidentiary rules was in any way contrary to or an unreasonable application of Federal law. Therefore, he cannot show that the prosecutor committed misconduct in eliciting this testimony.

Next, Petitioner claims that the prosecutor committed misconduct by expressing a personal belief in his guilt and a personal belief in the credibility of various prosecution witnesses. "[A] prosecutor may not express a personal opinion concerning the guilt of a defendant . . . because such personal assurances of guilt . . . exceed[] the legitimate advocate's role by improperly inviting the jurors to convict the defendant on a basis other than a neutral independent assessment of the record proof." Caldwell v. Russell, 181 F.3d 731, 737 (6th Cir. 1999). However, "a state's attorney is free to argue that the jury should arrive at a particular conclusion based on the record evidence, including the conclusion that the evidence proves the defendant's guilt." Id. The Michigan Court of Appeals held that the prosecutor did not articulate a personal belief in Petitioner's guilt. In addition, the state court held that, while the prosecutor explored various witnesses' motives for testifying and highlighted the consistencies in their testimony, the prosecutor did not improperly vouch for the credibility of these witnesses. Having reviewed the transcript, the Court finds that there is ample record support for the state court's conclusions in this regard.

Therefore, the Court concludes that Petitioner has not shown the state court's conclusion that the prosecutor did not engage in misconduct to be contrary to or an unreasonable application of Supreme Court precedent.

### C. Evidentiary Claims

Petitioner raises several claims related to the admission of allegedly improper testimony intended to bolster the victim's credibility. Specifically, Petitioner objects to testimony from the complainant's mother and a police officer (claim II), an emergency room physician (claim IV), and foster care provider, Annie Honeycutt (claim V).

"Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994), *citing* Fuson v. Jago, 773 F.2d 55, 59 (6th Cir. 1985). Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.2003).

The Michigan Court of Appeals held that the challenged testimony was properly admitted. The court of appeals reasoned that Dr. Hartwigg was qualified as an expert in the field of child sexual assault and that he never offered an opinion that Petitioner assaulted the victim. Instead, he testified, based upon his education, experience, and training, that the victim's history was consistent with his physical findings. Therefore, the court of appeals held Dr. Hartwigg's testimony was based upon proper medical foundation. Isaac, slip op. at 2. Second, the court of appeals held that the victim's statements to her mother, Annie Honeycutt and the police officer regarding the incident were not hearsay because these statements were not offered to prove the truth of the matter asserted. Id. Finally, the state court held that Annie's opinion regarding the victim's behavior was not admitted in error because it was admitted to explain what led Annie to question the victim regarding her encounters with Petitioner. Petitioner has not shown that the state court's decision is either contrary to or an unreasonable application of United States Supreme Court precedent. Petitioner has not shown that the admission of this testimony

rendered his trial fundamentally unfair.

### D. Ineffective Assistance of Counsel

Petitioner asserts several claims of ineffective assistance of counsel. Specifically, Petitioner alleges counsel was ineffective in: (i) failing to object to the admission of hearsay testimony and allegedly improper expert opinion testimony, (ii) failing to object to prosecutorial misconduct; (iii) failing to maintain Petitioner's innocence; (iv) failing to prepare for sentencing; (v) failing to exercise peremptory challenges during *voir dire*; (vi) failing to request a mistrial when prosecutor solicited testimony regarding other acts evidence; (vii) failing to investigate and prepare for trial; and (viii) failing to impeach prosecution witnesses.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Id.</u> at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003) (quoting <u>Strickland</u>, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. <u>Strickland</u>, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'").

Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Id.

**1.**

As discussed above, Petitioner has failed to show that the prosecutor engaged in misconduct or that hearsay evidence or expert opinion testimony were improperly admitted. Therefore, he cannot establish that his attorney was ineffective in failing to object to proper conduct and admissible testimony.

**2.**

Next, Petitioner argues that his attorney was ineffective because he conceded Petitioner's guilty during jury *voir dire* when he made the following statement to prospective jurors: "This involves a man committing a sexual offense on a female to start with." Tr., 10/9/03, at 65. The Michigan Court of Appeals held that this comment was not ineffective because, read in context, it was not meant to admit Petitioner's guilt. Isaac, slip op. at 6. This Court agrees with the state court's assessment. After reading the comment in context, it is unequivocally clear that defense counsel was surveying the jury panel to determine whether anyone on the panel would have difficulty presuming the innocence of a defendant charged with such an offense. In fact, just a few sentences after this statement, defense counsel asked whether there was anyone on the panel who would have difficulty affording a presumption of innocence in the face of a charged sex

offense. Therefore, the Court finds that the state court's conclusion that counsel was not ineffective in his statement during *voir dire* was not contrary to or an unreasonable application of Strickland.

**3.**

Petitioner claims that his attorney was ineffective in failing to prepare for sentencing. Petitioner argues that his attorney should have presented mitigating testimony from family members, friends and his pastor, and that counsel failed to object to errors in the presentence investigation report.

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

> Whether to address the court at sentencing is a tactical decision to be made by defense counsel. . . . At sentencing, defendant does not mention, nor does the record reveal, any mitigating factors of which the sentencing court was not previously aware. Accordingly, we hold that defendant failed to establish either that counsel's performance fell below an objective standard of reasonableness . . .
>
> Defendant next contends that his counsel was ineffective for failing to investigate defendant's background and to challenge information in the presentence information report that defendant had been convicted of a domestic violence charge and abused his children. Defendant asserts that he was not convicted of the domestic violence charge and it was improper for the judge to assume that he had abused his children.[] Due process is satisfied if the sentence is based on accurate information and the defendant had a reasonable opportunity to challenge the information at sentencing. . . . At sentencing, defendant challenged his violation of probation listed in the presentence report, but he did not challenge the accuracy of his prior felony conviction. Also, nothing in the record shows that the trial judge relied on inaccurate information in the presentencing report. Moreover, contrary to defendant's argument, trial counsel clearly indicated that defendant was acquitted of criminal sexual conduct charge, and the trial judge did not consider that defendant was convicted of domestic violence charge or assumed that defendant abused his children. Accordingly, there has been no violation of defendant's right to due process. . . . As such, the record does not support defendant's claim that counsel was ineffective for failing to challenge information.

Isaac, slip op at 8-9 (footnote omitted).

The state court, although not citing Strickland, clearly applied the standard articulated therein. Petitioner has failed to show that the court of appeals' well-reasoned disposition of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of Supreme Court precedent. Therefore, habeas relief is denied on this claim.

**4.**

Petitioner claims that his attorney was ineffective in failing to exercise peremptory challenges during *voir dire*. Petitioner argued that his attorney should have excused a juror who had been the victim of sexual abuse, a juror whose mother was a victim of sexual abuse, and a man who stated he was not sure he would believe petitioner if he did not testify. The trial court judge excused for cause a juror who stated she had been the victim of a sexual assault and did not believe she could be impartial. The two jurors who related being the victim of or related to a victim of sexual abuse both stated that this would have no bearing on their ability to be impartial and presume Petitioner's innocence. The juror who stated he would have mixed feelings about a defendant who chose not to testify in his own defense was excused from the panel. Therefore, Petitioner has failed to show that the jurors who were seated were biased or that his attorney was ineffective in failing to excuse them.

**5.**

Petitioner argues that his attorney was ineffective in failing to request a mistrial when the prosecutor elicited other acts evidence. The state court held that the other acts evidence was properly admitted. Therefore, Petitioner cannot show that his attorney was ineffective in failing to object to admissible evidence.

13

**6.**

Petitioner argues that his attorney was ineffective in failing to investigate and prepare for trial and to present certain witnesses. Under Strickland, trial counsel has a duty to investigate:

> Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Id. at 690-91. "This duty includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." Towns v. Smith, 395 F.3d 251, 258 (6th Cir. 2005) (citation omitted).

The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held, in pertinent part:

> [D]efendant's argument that his counsel should have called other witnesses, such as the nurse or other residents in the locations where the sexual assaults were reported to occur, is without merit. Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy that this Court will not second-guess. People v Dixon, 263 Mich App 393, 398; 668 NW2d 308 (2004). Failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense. Id. Also, the "defendant has the burden of establishing the factual predicate for his claim," and "to the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record" that supports the claim. People v Hoag, 460 Mich 1, 6; 594 NW2d 57 (1999). Here, it is impossible to determine whether defense counsel was ineffective in failing to call other witnesses because defendant never states what his other witnesses would have testified about or provides any documentary evidence to demonstrate how their testimony could have been favorable to defendant. The record suggests that critical witnesses were called. Defendant has failed to show that his counsel's failure to call other witnesses affected the outcome of the trial or deprived defendant of a substantial defense. Dixon, supra at 398.

14

> [W]e reject defendant's argument that defense counsel failed to adequately investigate and prepare for trial. Defense counsel's decision not to acquire the victim's journal or confidential records regarding the victim's communications with her therapist, as well as her school records, is presumed to be a matter of trial strategy. . . . Defendant has failed to overcome that presumption. He fails to specify in his brief exactly what these "confidential records" provide or demonstrate by offer of proof how the outcome would have been different but for the alleged absence of such records. Id.

Isaac, slip op. at 5-6.

Petitioner fails to provide adequate support for his conclusory claims that his attorney should have conducted further investigation or pretrial preparation. A conclusory claim, not supported by facts, will not entitle a petitioner to habeas corpus relief. Lynott v. Story, 929 F.2d 228, 232 (6th Cir.1991). Accordingly, Petitioner fails to show this attorney was ineffective in this regard.

**7.**

Finally, Petitioner argues that his attorney was ineffective in failing to impeach certain prosecution witnesses.

The Michigan Court of Appeals held that this claim lacked merit, reasoning, in pertinent part:

> [D]efendant raises multiple issues relating to his counsel's failure to impeach the prosecution witnesses with a great deal of impeachment evidence. We first reject defendant's contention that defense counsel failed to cross-examine and impeach the prosecutions' witnesses regarding the victim being in therapy. Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy that this Court will not second-guess. . . . As the trial court recognized, the evidence of the victim seeing a therapist was irrelevant to this instant case. There is also only a brief reference to the victim seeing a therapist throughout the trial. Also, the prosecutor and defense counsel did not raise any argument relating to this challenged evidence. Under these circumstances, we conclude that defendant failed to establish that the outcome of trial would have been different had trial counsel cross-examined or impeached the prosecution's witnesses with the evidence related to the victim's therapy.

15

Isaac, slip op. at 6.

The Court finds that this conclusion was not contrary to or an unreasonable applicaiton of Surpeme Corut predecent.

### E. Failure to Appoint New Counsel

Petitioner argues that the trial court erred in failing to appoint new counsel for Petitioner when there was a breakdown in communication between Petitioner and his defense counsel.

The Sixth Amendment guarantees an accused in all criminal prosecutions the right to the assistance of counsel in his defense. U.S. Const. amend. VI. "[T]he purpose of providing assistance of counsel 'is simply to ensure that criminal defendants receive a fair trial.'" Wheat v. U.S., 486 U.S. 153, 159 (1988), *quoting* Strickland, 466 U.S. at 689. "[I]n evaluating Sixth Amendment claims, 'the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.'" Id., *quoting* U.S. v. Cronic, 466 U.S. 648, 657 n.21 (1984). Further, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Id. Thus, "when a defendant is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate." Ray v. Curtis, 21 Fed. Appx. 333, 335 (6th Cir. 2001).

The Michigan Court of Appeals held that Petitioner failed to show that appointment of substitute counsel was necessary. The Michigan Court of Appeals observed that Petitioner's allegations that he had lost confidence in his defense counsel and that he and defense counsel did not see things in the same way were insufficient to warrant appointment of substitute counsel. Isaac, slip op. at 9-10.

16

In his habeas petition, Petitioner makes conclusory assertions that he and his attorney suffered a breakdown of the attorney-client relationship, disagreed about the appropriate defense strategy, and that counsel failed to adequately investigate the case. Petitioner fails to provide any specific reason why he was entitled to substitute counsel. The "constitutional concern" is whether Petitioner received an "effective advocate." Ray, 21 Fed. Appx. at 335. He has failed to show that he did not. Thus, Petitioner's conclusory argument is insufficient to establish that the state court's finding was contrary to or an unreasonable application of Supreme Court precedent.

### F. Cumulative Effect of Alleged Errors

Finally, Petitioner argues that he was deprived of a fair trial because of cumulative error. The Sixth Circuit has expressed doubt about the validity of the argument that cumulative errors may warrant habeas relief in the post-AEDPA era. *See* Lorraine v. Coyle, 291 F.3d 416, 447 (6th Cir. 2002) (sating that noted that "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief"); Moore v. Parker, 425 F.3d 250 (6th Cir. 2005) (same). Moreover, even if such a claim could merit habeas relief, the Court does not find that errors were committed when considered separately or together that abridged Petitioner's constitutional rights. Petitioner is not entitled to habeas relief on his cumulative errors claim.

## IV. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.


                s/Nancy G. Edmunds  
                Nancy G. Edmunds  
                United States District Judge

Dated: May 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2008, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer  
                Case Manager